658 So.2d 23 (1995)
ONE AMERICAN CORPORATION and First American Bank and Trust Company
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND.
No. 94-CA-1043.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
*24 William F. Grace, Jr., Kenneth J. Servay, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, Roy M. D'Aquila, Jeffrey A. Jones, Demartini, LeBlanc, D'Aquila & Volk, Kenner, Leon C. Vial, III, Hahnville, for plaintiffs-appellees.
Eugene R. Preaus, Edward J. Parr, Jr., Preaus, Roddy & Krebs, New Orleans, for defendant-appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
GAUDIN, Judge.
The sole issue involved in this appeal is whether fake stock certificates are in fact counterfeit under the terms and conditions of an indemnity policy. If false certificates are counterfeit as defined by and in the policy, the insurer pays; if not, there is no coverage.
For the following reasons, we affirm the judgment of the 29th Judicial District Court in favor of the First American Bank and which found the bank's loss covered by an indemnity agreement issued by the Fidelity and Deposit Company of Maryland. In so doing, we hold that, unless clearly specified otherwise in the contract, a counterfeit document need not be precise in every detail for coverage to apply. It suffices if the false document reasonably resembles the original and is not so inaccurate as to arouse suspicion.
In 1991, Robert Klein and Prism Realty Company obtained a loan from the First American Bank secured by a pledge of documents purporting to be securities owned by them. Various certificates (15 stock certificates and one bond certificate) were presented to the bank, which approved a one million dollar line of credit. A total of $663,696.00 was advanced by the bank before it learned that the pledged certificates were not authentic. This litigation ensued.
Among the named defendants was Fidelity, which had issued an indemnity bond allegedly covering the bank's financial loss. In district court, Fidelity argued that the false certificates were not counterfeit as defined by and in the policy and that, consequently, there was no coverage. The district judge did not agree. On October 18, 1994, the court granted summary judgment in the bank's favor and denied a cross motion for summary judgment filed by Fidelity.
Although at first glance the pledged certificates appear legitimate, trial evidence indicated that there were various differences between the real certificates and those presented to the bank, such as the color and width of borders, printing style, paper quality, exact location of pictographs, etc. Nonetheless, the certificates were accepted without any inquiry as to their authenticity.
In its motion for summary judgment, the bank contends that Fidelity provided coverage for the loss. In its cross motion for summary judgment, Fidelity states that it is entitled to judgment as a matter of law. At sole issue was whether the pledged certificates were counterfeit under the policy's definition. Whether a bank has a duty to investigate, under certain circumstances, and whether the bank here had acted in good faith and exercised sound business practices apparently were not issues meaningfully before the trial judge when the motions were heard.
Fidelity's bond, called a Financial Institution Bond, covers losses incurred by acceptance of counterfeit documents. The bond describes "counterfeit" as "... an imitation which is intended to deceive and to be taken as an original."
A counterfeit certificate, Fidelity contends, has to be a fastidious copy or duplication of the original. The trial judge did not agree. In his orally recited given reasons for judgment, the trial judge compared the pledged securities to counterfeit dollar bills printed from plates. Counterfeit dollar bills, he said, are "new money" and are not flawless copies. The trial judge wondered, under Fidelity's proposed and very limited definition, "... would there ever be a counterfeit dollar bill?"
*25 In any event, it is certain that the pledged Klein-Prism certificates were imitations, were intended to deceive and were meant to be accepted as originals, just as stated in the policy. We are unaware of any Louisiana jurisprudence at odds with the trial judge's findings; accordingly, we cannot say that he erred.
Fidelity is to bear costs of this appeal.
AFFIRMED.